

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,001-01

### EX PARTE HEATHER LEIGH HARRIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13266-1 IN THE 355TH DISTRICT COURT
### FROM HOOD COUNTY

*Per curiam*. KEASLER, J., dissents.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault on a public servant and sentenced to fifteen years' imprisonment.

Applicant contends that her counsel rendered ineffective assistance because he failed to timely file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that trial counsel advised Applicant of the deadlines for

perfecting appeal and that she was "non-committal as to her desire to pursue an appeal" at the end of the discussion. The court found that no timely appeal was filed because Applicant never instructed counsel to do so.

Counsel's affidavit reveals that he informed Applicant of the deadline for filing a notice of appeal and placed the burden on her to timely perfect appeal. Counsel erred. *Ex parte Axel*, 757 S.W.2d 369, 375 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). Applicant's belated inquiry demonstrates that she wished to appeal.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. CR13266 from the 355th District Court of Hood County. Applicant is ordered returned to that time at which she may give a written notice of appeal so that she may then, with the aid of counsel, obtain a meaningful appeal.  It appears that Applicant is represented by appointed counsel. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent.  If Applicant is indigent, is not represented by appointed counsel,  and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal.  All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues.  We hold that, should Applicant desire to prosecute an appeal, she must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 12, 2018
Do not publish